TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
MORGAN J. COHEN (Cal. Bar No. Pending)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
     1100/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756/2848
     Facsimile: (213) 894-6269
     E-mail:    Valerie.Makarewicz@usdoj.gov
              Morgan.Cohen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>          v.<br><br>ROSHANAK KHADEM,<br>  aka "Roxanne Khadem,"<br>  aka "Roxy Khadem,"<br><br>        Defendant. | No. CR 18-00288(A)-SVW-(1)<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ROSHANAK KHADEM |

     1.   This constitutes the plea agreement between ROSHANAK
KHADEM, also known as "Roxanne Khadem" and "Roxy Khadem,"
("defendant") and the United States Attorney's Office for the Central
District of California (the "USAO") in the above-captioned case.
This agreement is limited to the USAO and cannot bind any other
federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and seventeen of the first superseding indictment in <u>United States v. Roshanak Khadem</u>, CR No. 18-00288(A)-SVW-(1), which charge defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and subscribing to a false income tax return for tax year 2015, in violation of 26 U.S.C. § 7206(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Not seek the discharge of any restitution obligation ordered by the Court, in whole or in part, in any present or future bankruptcy proceeding.

1        i.   Authorize the USAO to obtain a credit report upon
2   returning a signed copy of this plea agreement.

3        j.   Consent to the USAO inspecting and copying all of
4   defendant's financial documents and financial information held by the
5   United States Probation and Pretrial Services Office.

6        k.   Defendant agrees that:

7        i.   Defendant understated her income on her tax
8   returns for 2013, 2014, and 2015 in the total amount of $1,246,090,
9   and is liable for the fraud penalty imposed by the Internal Revenue
10  Code, 26 U.S.C. § 6663(f), on the understatements of tax liability
11  for 2013, 2014, and 2015.

12       ii.  Defendant will sign closing agreements with the
13  Internal Revenue Service contemporaneously with signing this plea
14  agreement, permitting the Internal Revenue Service to assess and
15  collect the total sum of $453,451 ($44,190, $183,025, $226,236 for
16  the defendant's tax years 2013, 2014, and 2015, respectively), which
17  comprises the tax liabilities, as well as assess and collect the
18  civil fraud penalty (26 U.S.C. § 6663(f)), for each year and
19  statutory interest, on the tax liabilities, as provided by law.

20       iii. Defendant gives up any and all objections that
21  could be asserted to the Examination Division of the Internal Revenue
22  Service receiving materials or information obtained during the
23  criminal investigation of this matter, including materials and
24  information obtained through grand jury subpoenas.

25       iv.  Defendant will make a good faith effort to pay to
26  the Fiscal Clerk of the Court at or before sentencing all additional
27  taxes and all penalties and interest assessed by the Internal Revenue
28  Service on the basis of the closing agreement; and will promptly pay

to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

l.    The parties further agree that $1,130,618.57 of the funds seized by law enforcement officials on or around April 28, 2017 as part of the investigation into defendant shall be applied to the restitution award ordered by the Court pertaining to count one, health care fraud conspiracy.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the first superseding indictment and the underlying indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

4.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349, the following must be true:

a.    First, there was an agreement between two or more persons to commit the crime of health care fraud, in violation of 18 U.S.C. § 1347; and

b.    Second, defendant became a member of the conspiracy knowing of its object and intending to accomplish it.

5.    Defendant understands that the elements of the charged object of the conspiracy, health care fraud, in violation of 18 U.S.C. § 1347, are the following:

a.    First, defendant knowingly and willfully executed a scheme or plan to defraud a health care benefit program, or a scheme or plan to obtain money or property owned by, or under the custody or control of, any health care benefit program, by means of false or fraudulent pretenses, representations, or promises;

b.    Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a health care benefit program to part with money or property;

c.    Third, defendant acted with the intent to defraud, that is the intent to deceive and cheat;

d.    Fourth, the health insurance plan at issue was a health care benefit program, that is a public or private plan or contract, affecting commerce, under which any medical benefit, item, or services is provided to any individual; and

e.    Fifth, the scheme or plan was executed in connection with the delivery of or payment for health care benefits, items, or services.

6.    Defendant understands that for defendant to be guilty of the crime charged in count seventeen, that is, subscribing to a false income tax return, in violation of Title 26, United States Code, Section 7206(1), the following must be true:

a.    Defendant made and subscribed to a tax return, statement, or other document which she knew contained false information as to a material matter;

b.    The tax return, statement, or other document contained a written declaration that it was made under the penalties of perjury;

c.    In filing the false tax return, defendant acted willfully.

In order to prove defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on her and defendant intentionally and voluntarily violated that duty.

PENALTIES AND RESTITUTION

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1349, as charged in count one, is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7206(1), is: 3 years' imprisonment; a 1-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for both offenses to which defendant is pleading guilty is: 13 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that defendant will be required to pay full restitution to the victims of the conspiracy to commit health care fraud charged in count one.   Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of that offense and in amounts greater than those alleged in count one.   In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense charged in count one; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.   Although the parties have no agreement as to the amount of restitution to be ordered in connection with the conviction of count one, defendant agrees that the applicable amount of restitution relating to count one is at least $1,361,200.68, and

understands that the government currently believes that the applicable amount of restitution relating to count one could be as high as $7,991,406. Defendant further understands that these amounts could change based on facts that come to the attention of the parties prior to sentencing.

11. Defendant understands and agrees that the Court may order defendant to pay restitution in the form of any additional taxes that defendant owes to the United States based upon the conviction of count seventeen and relevant conduct. The parties agree that the applicable amount of restitution relating to count seventeen and any relevant conduct is $453,451. With respect to count seventeen, defendant understands and agrees that, pursuant to statute, the Court must order defendant to pay the costs of prosecution for count seventeen, which may be in addition to the statutory maximum fine stated above.

12. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant understands that she is pleading guilty to felony offenses
and that it is a federal crime for a convicted felon to possess a
firearm or ammunition.  Defendant understands that the convictions in
this case may also subject defendant to various other collateral
consequences, including but not limited to mandatory exclusion from
providing services paid for under a federal health care benefit
program for a minimum of five years, revocation of probation, parole,
or supervised release in another case and suspension or revocation of
a professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty pleas.

     14.  Defendant and her counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the convictions in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including her attorney or the Court, can predict to an
absolute certainty the effect of her convictions on her immigration
status.  Defendant nevertheless affirms that she wants to plead
guilty regardless of any immigration consequences that her pleas may
entail, even if the consequence is automatic removal from the United
States.

1

FACTUAL BASIS

2      15.   Defendant admits that defendant is, in fact, guilty of the

3 offenses to which defendant is agreeing to plead guilty.  Defendant

4 and the USAO agree to the statement of facts provided below and agree

5 that this statement of facts is sufficient to support pleas of guilty

6 to the charges described in this agreement and to establish the

7 Sentencing Guidelines factors set forth in paragraph 17 below but is

8 not meant to be a complete recitation of all facts relevant to the

9 underlying criminal conduct or all facts known to either party that

10 relate to that conduct.

11     Defendant was in the business of investing in and operating

12 facilities that provided aesthetic services to clients.  From in or

13 about July 2008 through in or about April 2016, defendant operated

14 R&R Med Spa, which was located at 12030 Riverside Drive, Suite A,

15 Valley Village, California.  From in or about February 2016 through

16 in or about April 2017, defendant invested in and operated the Nu-Me

17 Aesthetic and Anti-Aging Center ("Nu-Me Spa"), which was located at

18 20301 Ventura Boulevard, Suite 250, Woodland Hills, California

19 (collectively with R&R Med Spa, the "Clinics").

20                 The Health Care Fraud Conspiracy

21     At all times relevant to the First Superseding Indictment, the

22 following were health care benefit programs, as defined by Title 18,

23 United States Code, Section 24(b): Anthem Blue Cross ("Anthem");

24 International Longshore and Warehouse Union – Pacific Maritime

25 Association Benefit Plan ("ILWU-PMA"); Aetna; United Healthcare;

26 CIGNA Health Management ("CIGNA"); Health Net; Federal Employees

27 Health Benefits Program ("FEHBP"); Blue Shield of California ("Blue

28 Shield") (collectively, the "Health Insurance Companies").

10

1   Beginning in or around January 2012, and continuing through at
2   least April 2016, in Los Angeles County, within the Central District
3   of California, and elsewhere, defendant knowingly and willfully
4   combined, conspired, and agreed to commit health care fraud, in
5   violation of Title 18, United States Code, Section 1347, with others.
6   The criminal conspiracy operated, in substance, in the following
7   manner:

8   As the investor in and operator of the Clinics, defendant caused
9   patients to visit the Clinics to receive cosmetic procedures,
10  including facials, laser hair removal, and Botox injections.
11  Defendant knew that these cosmetic procedures were not covered by the
12  patients' health insurance benefits.

13  As defendant knew, employees of the clinic, including Marina
14  Sarkisyan, informed some patients that, if they turned over their
15  health insurance information to the Clinics, the patients could
16  receive free or discounted cosmetic procedures pursuant to a "credit"
17  they would earn.  Health insurance information from these particular
18  patients was provided to the insurance biller for the Clinics,
19  knowing and intending that the information would be used to submit
20  false and fraudulent claims to the Health Insurance Companies for
21  medical procedures that defendant knew were either not actually
22  provided to the patients, or were not medically necessary.

23  Then, based on the amount that the Health Insurance Companies
24  paid on those particular false and fraudulent claims, defendant
25  and/or others would calculate an amount, which the co-conspirators
26  referred to as a "credit," that the patients could use to receive
27  free or discounted cosmetic procedures from the Clinics.  Those
28  patients would then come into the Clinics to receive the free or

discounted cosmetic procedures, which were often provided by co-conspirator Roberto Mariano.

The reimbursements from the Health Insurance Companies, which were proceeds of the health care fraud conspiracy, were deposited into bank accounts that were held in the names of doctors who were affiliated with the Clinics and who signed off on, and caused to be submitted the false and fraudulent claims under their names (the "Doctors"). Defendant took possession of the proceeds from the accounts of the Doctors in two ways. First, because defendant had signatory authority on the bank accounts, she was able to obtain the funds by writing checks on the accounts. Second, defendant would withdraw funds from the bank accounts using pre-signed checks that defendant obtained from the Doctors.

Defendant admits that between January 2012 and April 2016, she and her co-conspirators submitted claims totaling $20,788,958 to the Health Insurance Companies, which included some false and fraudulent claims for which those companies paid out at least $1,361,200.68. Defendant understands that the government believes the amounts paid based on false and fraudulent claims submitted as part of the health care fraud conspiracy in which defendant participated totaled $7,991,406.

Defendant committed all of the above-described acts knowingly and willfully, and with the intent to defraud.

<u>False Tax Returns</u>

The money that defendant directed from the accounts of the Doctors to herself comprised substantial income from the fraud scheme that defendant received. Defendant failed to report this substantial income on defendant's income tax returns for 2013, 2014, and 2015,

which she caused to be electronically filed with the Internal Revenue Service.  When defendant signed and caused her income tax return preparer to electronically file her income tax returns for 2013, 2014 and 2015, defendant knowingly and willfully subscribed to a materially false tax return for each of those years, in that each return substantially under-reported defendant's true income.

Specifically, on or about each of the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant willfully made, subscribed, and caused to be filed with the Internal Revenue Service, a materially false U.S. Income Tax Return for an Individual, Form 1040, for the years set forth below, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service Center at Fresno, California, which defendant did not believe to be true and correct as to every material matter.  On each of the tax returns defendant reported and caused to be reported, on Line 22, that she had total income in the amounts stated below whereas, as defendant then and there knew and believed, her total income for each year was substantially greater than the reported amounts.

| Year | Filing Date | False Item/Amount |
|------|-------------|-------------------|
| 2013 | October 15, 2014 | Line 22, Total Income: $145,353 |
| 2014 | October 9, 2015 | Line 22, Total Income: $169,149 |
| 2015 | October 14, 2016 | Line 22, Total Income: $145,692 |

In each instance, defendant knew federal tax law imposed a duty on her to correctly report her income, and defendant intentionally and voluntarily violated that duty.  Defendant's underreporting of her

income for 2013, 2014, and 2015 caused a total tax loss of $453,451.

SENTENCING FACTORS

16.    Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

17.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Count 1 (Conspiracy) | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss Greater than $550,000 but less than $25,000,000 | +14 - +20 | U.S.S.G. § 2B1.1(b)(1)(H)-(K) |
| Count 17 (False Tax Return) | | |
| Base Offense Level: Tax Loss Greater than $250,000 but less than $550,000 | 18 | U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(G) |
| Specific Offense Characteristics: | | |
| Failure to report more than $10,000 income from criminal activity | +2 | U.S.S.G. § 2T1.1(b)(1) |

18.   The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 2 are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below.   The government reserves the right to argue for enhancements based on the use of sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C), defendant's role in the offenses under of U.S.S.G. § 3B1.1, and any applicable multiple-count adjustment under U.S.S.G. §§ 3D1.1-3D1.4.   Subject to paragraph 31 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.   Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

19.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2  (a)(2), (a)(3), (a)(6), and (a)(7).

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4       21.  Defendant understands that by pleading guilty, defendant
5  gives up the following rights:

6            a.   The right to persist in a plea of not guilty.

7            b.   The right to a speedy and public trial by jury.

8            c.   The right to be represented by counsel -- and if
9  necessary have the Court appoint counsel -- at trial.  Defendant
10 understands, however, that, defendant retains the right to be
11 represented by counsel -- and if necessary have the Court appoint
12 counsel -- at every other stage of the proceeding.

13           d.   The right to be presumed innocent and to have the
14 burden of proof placed on the government to prove defendant guilty
15 beyond a reasonable doubt.

16           e.   The right to confront and cross-examine witnesses
17 against defendant.

18           f.   The right to testify and to present evidence in
19 opposition to the charges, including the right to compel the
20 attendance of witnesses to testify.

21           g.   The right not to be compelled to testify, and, if
22 defendant chose not to testify or present evidence, to have that
23 choice not be used against defendant.

24           h.   Any and all rights to pursue any affirmative defenses,
25 Fourth Amendment or Fifth Amendment claims, and other pretrial
26 motions that have been filed or could be filed.

27

28

1

## WAIVER OF APPEAL OF CONVICTION

2      22.  Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty pleas were involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's convictions on the offenses to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statutes to which defendant

8  is pleading guilty are unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10  defendant's pleas of guilty.

11

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12      23.  Defendant agrees that, provided the Court imposes a total

13  term of imprisonment on both counts of conviction of no more than 108

14  months, defendant gives up the right to appeal all of the following:

15  (a) the procedures and calculations used to determine and impose any

16  portion of the sentence; (b) the term of imprisonment imposed by the

17  Court, provided it is no more than the high-end of the Sentencing

18  Guidelines range calculated by the Court; (c) the fine imposed by the

19  Court, provided it is within the statutory maximum; (d) to the extent

20  permitted by law, the constitutionality or legality of defendant's

21  sentence, provided it is within the statutory maximum; (e) the amount

22  and terms of any restitution order, provided it requires payment of

23  no more than $7,991,406 for count one and $453,454 for count

24  seventeen; (f) the term of probation or supervised release imposed by

25  the Court, provided it is within the statutory maximum; and (g) any

26  of the following conditions of probation or supervised release

27  imposed by the Court: the conditions set forth in General Order 20-04

28  of this Court; the drug testing conditions mandated by 18 U.S.C.

1  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions
2  authorized by 18 U.S.C. § 3563(b)(7).
3      24.   The USAO agrees that, provided (a) all portions of the
4  sentence are at or below the statutory maximum specified above and
5  (b) the Court imposes a term of imprisonment of no less than 70
6  months, the USAO gives up its right to appeal any portion of the
7  sentence, with the exception that the USAO reserves the right to
8  appeal the amount of restitution ordered if that amount is less than
9  $1,361,200.68.
10            RESULT OF WITHDRAWAL OF GUILTY PLEAS
11     25.   Defendant agrees that if, after entering guilty pleas
12  pursuant to this agreement, defendant seeks to withdraw and succeeds
13  in withdrawing defendant's guilty pleas on any basis other than a
14  claim and finding that entry into this plea agreement was
15  involuntary, then (a) the USAO will be relieved of all of its
16  obligations under this agreement, and (b) should the USAO choose to
17  pursue any charge that was dismissed as a result of this agreement,
18  then (i) any applicable statute of limitations will be tolled between
19  the date of defendant's signing of this agreement and the filing
20  commencing any such action; and (ii) defendant waives and gives up
21  all defenses based on the statute of limitations, any claim of pre-
22  indictment delay, or any speedy trial claim with respect to any such
23  action, except to the extent that such defenses existed as of the
24  date of defendant's signing this agreement.
25         RESULT OF VACATUR, REVERSAL OR SET-ASIDE
26     26.   Defendant agrees that if either count of conviction is
27  vacated, reversed, or set aside, the USAO may: (a) ask the Court to
28  resentence defendant on the remaining count of conviction, with both

18

the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on the remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

<u>EFFECTIVE DATE OF AGREEMENT</u>

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

28.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

29.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was dismissed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

1  recommendations or the parties' agreements to facts or sentencing

2  factors.

3       31.  Defendant understands that both defendant and the USAO are

4  free to: (a) supplement the facts by supplying relevant information

5  to the United States Probation and Pretrial Services Office and the

6  Court, (b) correct any and all factual misstatements relating to the

7  Court's Sentencing Guidelines calculations and determination of

8  sentence, and (c) argue on appeal and collateral review that the

9  Court's Sentencing Guidelines calculations and the sentence it

10 chooses to impose are not error, although each party agrees to

11 maintain its view that the calculations in paragraph 17 are

12 consistent with the facts of this case.  While this paragraph permits

13 both the USAO and defendant to submit full and complete factual

14 information to the United States Probation and Pretrial Services

15 Office and the Court, even if that factual information may be viewed

16 as inconsistent with the facts agreed to in this agreement, this

17 paragraph does not affect defendant's and the USAO's obligations not

18 to contest the facts agreed to in this agreement.

19      32.  Defendant understands that even if the Court ignores any

20 sentencing recommendation, finds facts or reaches conclusions

21 different from those agreed to, and/or imposes any sentence up to the

22 maximum established by statute, defendant cannot, for that reason,

23 withdraw defendant's guilty pleas, and defendant will remain bound to

24 fulfill all defendant's obligations under this agreement.  Defendant

25 understands that no one -- not the prosecutor, defendant's attorney,

26 or the Court -- can make a binding prediction or promise regarding

27 the sentence defendant will receive, except that it will be within

28 the statutory maximum.

1          <u>NO ADDITIONAL AGREEMENTS</u>

2          33.  Defendant understands that, except as set forth herein,

3    there are no promises, understandings, or agreements between the USAO

4    and defendant or defendant's attorney, and that no additional

5    promise, understanding, or agreement may be entered into unless in a

6    writing signed by all parties or on the record in court.

7

8          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

9          34.  The parties agree that this agreement will be considered

10   part of the record of defendant's guilty plea hearing as if the

11   entire agreement had been read into the record of the proceeding.

12   AGREED AND ACCEPTED

13   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
14   CALIFORNIA

15   TRACY L. WILKISON
     United States Attorney

16                                               1/18/22

17

     VALERIE L. MAKAREWICZ                       Date
18   MORGAN J. COHEN
     Assistant United States Attorney

19

20                                               1/17/22

21
     ROSHANAK KHADEM                             Date
22   Defendant

23

24                                               1/17/22

25   NATHAN HOCHMAN, ESQ.                         Date
     VICKI PODBERESKY, ESQ.
26   Attorney for Defendant Roshanak
     Khadem

27

28

                                  22

1
2
## CERTIFICATION OF DEFENDANT
3
4      I have read this agreement in its entirety.  I have had enough
5 time to review and consider this agreement, and I have carefully and
6 thoroughly discussed every part of it with my attorneys.  I
7 understand the terms of this agreement, and I voluntarily agree to
8 those terms.  I have discussed the evidence with my attorneys, and my
9 attorneys have advised me of my rights, of possible pretrial motions
10 that might be filed, of possible defenses that might be asserted
11 either prior to or at trial, of the sentencing factors set forth in
12 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,
13 and of the consequences of entering into this agreement.  No
14 promises, inducements, or representations of any kind have been made
15 to me other than those contained in this agreement.  No one has
16 threatened or forced me in any way to enter into this agreement.  I
17 am satisfied with the representation of my attorney in this matter,
18 and I am pleading guilty because I am guilty of the charges and wish
19 to take advantage of the promises set forth in this agreement, and
20 not for any other reason.

21 _____        _____
ROSHANAK KHADEM                          Date  1/17/22
22 Defendant

23
## CERTIFICATION OF DEFENDANT'S ATTORNEY
24
25      I am ROSHANAK KHADEM's attorney.  I have carefully and
26 thoroughly discussed every part of this agreement with my client.
27 Further, I have fully advised my client of her rights, of possible
28 pretrial motions that might be filed, of possible defenses that might

be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____          Date _1/17/22_____
NATHAN HOCHMAN, ESQ.
VICKY PODBERESKY, ESQ.
Attorney for Defendant Roshanak
Khadem